**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5087

DENNIS RAY FOUNTAIN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5121

TONY EDUARDO FRAZIER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-52)

Submitted: April 15, 1996

Decided: April 29, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence J. Fine, Winston-Salem, North Carolina; Fred J. Williams, Durham, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dennis Ray Fountain and Tony Eduardo Frazier were both convicted of conspiracy to distribute crack cocaine and powder cocaine, 21 U.S.C.A. § 846 (West Supp. 1995).[1] Fountain appeals his conviction on the ground that items seized during a search of his residence on January 7, 1994, were improperly admitted into evidence. Fountain also appeals his 151-month sentence, alleging that the penalties for crack cocaine offenses are unconstitutionally vague. Frazier appeals his 360-month sentence, contending, first, that the district court clearly erred in determining the amount of drugs attributable to him, United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1994), and second, that use of the preponderance of the evidence standard at sentencing is unconstitutional. We affirm.

Although they did not know each other, Frazier and Fountain were both participants in a conspiracy to distribute crack and powder cocaine in Greensboro, Durham, and Reidsville, North Carolina. Frazier supplied powder cocaine to Tom Farrington from the summer of 1991 until February 1993, when Farrington began getting cocaine from another codefendant in Florida. In the spring of 1993, Fountain

_____

[1] Frazier was acquitted of possession of cocaine hydrochloride with intent to distribute on August 16, 1993.

2

began buying powder cocaine and crack from Farrington for resale in Reidsville. His last purchase was made from one of Farrington's associates in October 1993, after Farrington's arrest. In January 1994, a search warrant was executed by state law enforcement authorities at Fountain's residence. Recovered were a set of scales, a pager, $1738 in cash, and a plastic bag containing crack residue.

Fountain contends that none of these items were admissible relevant evidence, Fed. R. Evid. 401, because they did not conclusively establish his participation in the Farrington-Frazier conspiracy. The district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3640 (U.S. Mar. 28, 1994) (No. 93-7067). Relevance is established by a showing, even if slight, which makes it more likely than before admission of the evidence that the defendant committed the crime charged. United States v. Federico, 658 F.2d 1337, 1342 & n.5 (9th Cir. 1981). The items recovered from Fountain's residence meet this threshold test for relevance. The pager, the scales, the plastic bag with crack residue, and the large amount of cash are all indicators of possible drug trafficking. In isolation, none of them establishes Fountain's participation in the Farrington-Frazier conspiracy; however, their presence in his house makes more credible the testimony of the witnesses who described his part in the conspiracy and we find that the court properly admitted them into evidence.

Fountain also attacks the penalties for crack offenses, relying on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994). We have rejected the reasoning in Davis and will not revisit the issue. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923).

Frazier challenges the district court's determination at sentencing that he was responsible for the distribution of 5.5 kilograms of powder cocaine as not established by a preponderance of the evidence. The district court's painstaking discussion of the trial testimony established that Frazier was responsible for 5 kilograms and 4 ounces of cocaine, if not 5.5 kilograms. A base offense level of 32 applies if the offense involves at least 5 kilograms of cocaine. [2] Farrington testified

_____

[2] Because Frazier was a career offender, his base offense level of 32 was increased to 37, his criminal history category to VI, and his guide-

at Frazier's trial that he purchased 4 kilograms and 4 ounces of cocaine from Frazier. Tony Frazier's brother, Eric, testified that he showed a kilogram of Frazier's cocaine to some friends who subsequently stole it. Eshawn Baker, one of the thieves, also testified about taking the kilogram of cocaine. This evidence established by a preponderance of the evidence Tony Frazier's involvement with more than 5 kilograms of cocaine.

Last, Frazier suggests that a higher standard of proof is necessary at sentencing. However, due process is satisfied by the use of a preponderance of the evidence standard. <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 91 (1986); <u>United States v. Vinson</u>, 886 F.2d 740, 741-42 (4th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1062 (1990).

We therefore affirm Fountain's conviction and the sentences imposed on both Fountain and Frazier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

line range to 360 months to life. 21 U.S.C.A. § 841(b)(1)(A); USSG § 4B1.1.

4